UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PATRICE SENIOR,



MEMORANDUM AND ORDER

Plaintiff,

-against-

08 CV 0387 (ENV)

UNIVERSITY TOWERS ASSOCIATES, a NY
Partnership; MICHAEL L. ROTHENBERG;
DANIEL ROSENFIELD; WILLIAM OKIE;
WILLIAM HUBBARD; JOHN DOE; JANE DOE;
UNIVERSITY TOWERS APARTMENT
CORPORATION; ROBIN LANCE;
"JOHN" BOETTNER; MICHAEL URENA;
DELITINA ROBERTSON; JUAN PEREZ;
RAFAEL OLIVE; BETHSHEBA EVERETT;
"JANE" PHILLIPS; SYLVESTER;
ROTHENBERG/ROSENFELD INC.; and
BRUCE FRANKENBERG,

Defendants.
-----------------------------------------------------------------X
VITALIANO, United States District Judge:

On January 29, 2008, plaintiff Patrice Senior filed this pro se action against her landlord and several associated individuals. Plaintiff paid the requisite filing fee to commence this action. She filed an Amended Complaint on February 8, 2008. For the reasons set forth below, the action is dismissed.

## BACKGROUND

This is plaintiff's second recent action filed with this Court. In a prior action, Senior v. State of New York, et al., Docket No. 07-CV-4015 (ENV) (E.D.N.Y.), plaintiff described her dissatisfaction with the proceedings in two state court actions involving alleged employment discrimination and an eviction. This Court dismissed the prior action, because it lacked subject matter jurisdiction. Senior v. State of New York, et al., Docket No. 07-CV-4015 (ENV)



(E.D.N.Y. Oct. 26, 2007).

In the instant action, plaintiff alleges that she was illegally evicted from her apartment on January 28, 2005. The Amended Complaint describes the "Warrant of Eviction" and other notices plaintiff received, her belief that the state court orders and eviction notices were fraudulent, and tells of the subsequent efforts she made to regain possession of the apartment. Plaintiff acknowledges a state court action, University Towers Association v. Senior, Index No. 096147/2004, and the entry of a judgment terminating her tenancy for non-payment of rent in the amount of $8,702.72. (Amended Complaint ¶ 55.) The Amended Complaint describes her myriad, unsuccessful efforts to reopen the state court proceedings and challenge the eviction. (Amended Complaint ¶¶ 52-53, 57-65, 69-77, 84-86.) Plaintiff also sought to regain possession of her apartment by requesting police escorts and attempting to file police reports. She alleges that the police refused to give her access to the apartment, to obtain and provide her with copies of the warrant of eviction, to arrest defendants at her request, and to file reports. (Amended Complaint ¶¶ 50-51, 66-68, 78-79, 82-83, 87-88, 91, 99, 103-04.) Plaintiff further alleges that on December 3, 2005 she attempted to enter the apartment, and that defendants Raphael Olive, Everett, and Phillips called the 88th Precinct Police. Thereupon, "[t]he plaintiff was assaulted/battery, falsely arrested, imprisoned by Police Officers from the 88th Precinct and dragged to a waiting Ambulance and was taken to a Hospital Emergency Department outside of the jurisdiction of the 88th Precinct and diagnosed by the police as an Emotional Disturbed person." (Amended Complaint ¶ 106.)

Plaintiff further alleges that defendant Daniel Rosenfield personally denied her access to the apartment and refused to provide a copy of the "Court Order/Warrant." (Amended Complaint

¶¶ 80-81.) She alleges that on November 23, 2005 she went to defendant Michael Rothenberg's residence, but that he refused to speak with her. (Amended Complaint ¶ 103.)

Plaintiff claims that the eviction action was commenced in order to retaliate against her for filing prior complaints and lawsuits against the landlord. (Amended Complaint ¶¶ 90, 92-97, 100-02). She also asserts that the defendants' actions were designed to drive out rent-stabilized tenants and to replace them with "share holders or high renters of unregulated apartments." (Amended Complaint ¶ 115.)

Plaintiff asserts that all of these actions violated her constitutional rights. The relief she seeks includes access to her former apartment and belongings, possession of the apartment, future injunctive relief against defendants, a stay of all 2007 property taxes, the arrest of each of the individual defendants, a declaration that the defendants violated her constitutional rights and federal and state laws, and damages totaling $167,600,000. (Amended Complaint ¶ 124.)

## DISCUSSION

### I. Standard of Review

In reviewing the Complaint, the Court is mindful that because plaintiff is proceeding pro se, her submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173 (1980). Furthermore, the pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). "The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41, 46 (2d Cir. 1997) (quoting Albert v. Carovano, 851 F.2d 561, 571

n.3 (2d Cir. 1988) (en banc). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

"It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction. Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). See Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." State of New York v. White, 528 F.2d 336, 338 (2d Cir. 1995).

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, sua sponte, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). An action is frivolous as a matter of law when, inter alia, it is "based on an indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 473 (2d Cir. 1998). A claim

4

invoking federal-question jurisdiction under 28 U.S.C. § 1331 may be dismissed for want of subject-matter jurisdiction if it is not colorable, that is, if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678, 682-83 (1946).

## II. No Jurisdiction Over Housing Matters

Here, all of plaintiff's claims arise out of an eviction action, the resulting physical eviction from the apartment, and her attempts to regain possession. Federal courts do not have subject matter jurisdiction over state eviction actions or other landlord-tenant matters. See e.g. United Mut. Houses, L.P. v. Andujar, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (remanding to state court upon finding that tenant was not entitled to remove housing court action to federal court); Galland v. Margules, No. 05 Civ. 5639, 2005 WL 1981568, at *1 (S.D.N.Y. Aug. 17, 2005) ("[F]ederal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters.").

## III. No Allegation of Constitutional Deprivation

Plaintiff alleges violations of her constitutional rights and invokes the Civil Rights Act, but she has not named any defendants who would be amenable to suit under 42 U.S.C. § 1983 or other sections of the Civil Rights Act. In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (emphasis added). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. Even if plaintiff had alleged that she was discriminated against by the real estate companies or individual

partners or employees, these claims would be dismissed because none of these defendants are "state actors." As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S.Ct. 977 (1999) (quotations omitted).

The remaining sections of Title 42 of the United States Code are inapposite to her claim. Section 1981 provides for equal rights for all persons "as is enjoyed by white citizens." Plaintiff has not made cognizable allegations that defendants have denied her equal rights on the basis of racial discrimination. Nor has she alleged any facts that would support a claim of a conspiracy or failure to prevent a conspiracy to violate her civil rights, motivated by racial or other discrimination, that would be cognizable under 42 U.S.C. §§ 1985 or 1986.

### IV.   No Other Federal Provisions Apply

Plaintiff also purports to bring this action pursuant to the Privacy Act, the Fair Housing Act, and several sections of the United States Criminal Code. The Privacy Act, 5 U.S.C. § 552, requires agencies within the federal government to maintain accurate records and gives individuals some control over the gathering, dissemination, and accuracy of agency information. Plaintiff has not named federal governmental agencies that would be covered by the statute. The Fair Housing Act, 42 U.S.C. §§ 3604-3631, prohibits discrimination on the basis of race, color, religion, sex, familial status, national origin, or handicap. Plaintiff has not alleged any facts that even remotely suggest defendants discriminated against her on the basis of any prohibited classification.

Plaintiff's recitation of Sections 241, 242, and 2236 of the United States Criminal Code is

also unavailing. Generally, violations of the Criminal Code may not serve as the basis for a civil cause of action unless the statute includes an express or implied private right of action. See Cort v. Ash, 422 U.S. 66, 79, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). None of the provisions she cites includes an express private right of action, nor may such a right be implied from the language of the statutes. See e.g. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994) (finding no private right of action under 18 U.S.C § 242); Tsabbar v. Booth, 293 F. Supp. 2d 328, 335 (S.D.N.Y. 2003) (finding that the civil rights provisions of Title 18 of the U.S. Code do not allow private rights of action).

To the extent that plaintiff demands that defendants be arrested or prosecuted, this Court has no jurisdiction to direct such action. Private citizens do not have the power to instigate prosecutions of alleged crimes. The decision to investigate or prosecute a person for an alleged violation of a federal criminal statute is left to the discretion of federal law enforcement agencies. See United States v. Armstrong, 517 U.S. 456, 464, 116 S.Ct. 1480 (1996). This Court may not compel the prosecuting authorities to commence an investigation or prosecution. Fields v. Soloff, 920 F.2d 1114, 1118 (2d Cir. 1990).

As Plaintiff raises no question of federal law that would confer federal subject matter jurisdiction over this matter, the action must be dismissed.

## CONCLUSION

For the reasons set forth above, the action is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis

status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920 (1962).

The Clerk of the Court is directed to close this case.

SO ORDERED.

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
March 4, 2008